## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, now known as CHURCH MUTUAL INSURANCE COMPANY, S.I., | ) ) ) |  |
|  | ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | 21 C 3752 |
|  | ) |  |
| PRAIRIE VILLAGE SUPPORTIVE LIVING, LLC, a/k/a EAGLE's VIEW SUPPORTIVE LIVING; and BRIAN FIELD, | ) ) ) ) |  |
|  | ) )  |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This case concerns an insurance coverage dispute between Plaintiff Church Mutual Insurance Company, now known as Church Mutual Insurance Company S.I. ("Church Mutual"), and its insured, Defendant Prairie Village Supportive Living, LLC, a/k/a Eagle's View Supportive Living ("Prairie Village"), relative to an underlying putative class action lawsuit commenced against it by its former employee, Brian Field. Field, asserting claims on behalf of himself and a yet-to-be-certified class, alleges Prairie Village unlawfully collected, used, and disseminated biometric identifiers in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* Church Mutual seeks a declaration that it has no duty to defend or indemnify Prairie

Village with respect to Field's lawsuit and moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the following reasons, the Court grants Church Mutual's Motion.

## BACKGROUND

Church Mutual issued four policies[1] to Prairie Village between April 2018 and April 2022, which included Employment Practices Liability ("EPL") Coverage and General Liability ("GL") Coverage. Church Mutual argues Field's allegations establish it does not owe Prairie Village a defense or indemnification under the following exclusions: (1) the exclusion for "violations of laws applicable to employers" within the EPL policy; (2) the "employment related practices" exclusion within the GL policy; and (3) the Cyber Liability Exclusion[2] in the GL policy.

**The Violation of Laws Applicable to Employers Exclusion**

The EPL Coverage under the Policies provide that Church Mutual will pay for "'loss' arising from any claim of injury arising out of a 'wrongful employment practice' to which this insurance applies," but has "no duty to defendant the insured against any 'suit' seeking payment for 'loss' to which this insurance does not apply." ECF 1-6, at p. 219; ECF 1-7, at p. 213. "Wrongful employment practice" is defined, in relevant part, as "any actual or alleged . . . [e]mployment related false arrest, wrongful detention or imprisonment, malicious prosecution, libel, slander, defamation of character, or

---

[1] The policies are identical in all material respects and are referred to herein collectively as the "Policies."
[2] Prairie Village refers to this exclusion as the "Statutory Violation Exclusion."

2

**invasion of privacy**."  ECF 1-6, p. 229 (emphasis added).  The EPL policy contains an

exclusion for "Violations of Laws Applicable to Employers":

### 2. Exclusions

This insurance does not apply to:

\*\*\*

### d. Violation of Laws Applicable to Employers

Any claim based on, attributable to, or arising out of:

(1) The Employee Retirement Income Security Act of 1974, Public Law 93-406, and any amendments to that law;

(2)  Any state, local, common, or federal law that is similar to Public Law 93-406; or

(3) Any claim based on, attributable to, or arising out of any violation of any insured's responsibilities or duties required by any other federal, state, or local statutes, rules, or regulations, and any rules or regulations promulgated therefor or amendments thereto. However this exclusion does not apply to: Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Pregnancy Discrimination Act of 1978, the Immigration Reform and Control Act of 1986, the Family and Medical Leave Act of 1993, and the Genetic Information Nondiscrimination Act of 2008 or to any rules or regulations promulgated under any of the foregoing and amendments thereto or any similar provisions of any federal, state, or local law.

(4) This exclusion also applies to any rules or regulations promulgated under any of the foregoing and amendments thereto or any similar provisions of any federal, state, or local law.

ECF No. 1-6, p. 221; ECF No. 1-7, p. 215.

**The Employment Related Practices ("ERP") Exclusion**

Church Mutual also relies on the ERP Exclusion to GL coverage, which states that "[t]his insurance does not apply to:

> * * *
> e. "Personal injury" that arises out of any:
>
> (1) Refusal to employ;
>
> (2) Termination of employment;
>
> (3) Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, sexual misconduct, or other employment-related practices, policies, acts, or omissions; or
>
> (4) Consequential "personal injury" as a result of e.(1), e.(2) or e.(3) above.
>
> This exclusion applies where the insured is liable either as an employer or in any other capacity . . . .

ECF No. 1-6, p. 114. The GL policy defines "personal injury" to include "[o]ral or written publication of material that violates a person's right of privacy." ECF No. 1-6, pp. 113–15.

**The Cyber Liability Exclusion**

Finally, the Cyber Liability Exclusion of the GL coverage provides:

**A. EXCLUSION – CYBER LIABILITY**

This insurance does not apply to any of the following:

***

**3. Recording and Distribution of Material or Information in Violation of Law**

4

"Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a**. The Telephone Consumer Protection Act (TCPA) including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003 including any amendment of or addition to such law;

**c**. The Fair Credit Reporting Act (FCRA) including any amendment of or addition to such law, including the fair and Accurate Credit Transactions Act (FACTA); or

**d.** Any federal, state, or local statute, ordinance, or regulation, other than the TCPA, CAN-SPAM Act of 2003, or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating, or distribution of material or information.

ECF 1-6, pp. 139–41.

Church Mutual now moves for judgment on the pleadings under Rule 12(c), arguing it has no duty to defend or indemnify Prairie Village in the Field lawsuit based on three separate exclusions in the EPL and GL policies. Prairie Village argues that even if the exclusions under the GL policy apply, Church Mutual would still owe a duty to defend under the EPL policy. Church Mutual also moves to dismiss the counterclaims asserted against it by Field and Prairie Village.

## **LEGAL STANDARD**

Rule 12(c) permits a party to move for judgment on the pleadings after both the plaintiff's complaint and the defendant's answer have been filed. Fed. R. Civ. P. 12(c). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to

dismiss. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The Court only considers the complaint, the answer, any attached written instruments referred to in the complaint, and any information subject to judicial notice. *Winner v. Rauner*, 2016 WL 7374258 (N.D. Ill 2016). As with a motion to dismiss, the Court must construe the complaint's allegations liberally in favor of the insured. *Berg v. N.Y. Life Ins. Co.*, 831 F.3d 426, 429–30 (7th Cir. 2016). To succeed on a motion for judgment on the pleadings, the moving party "must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). This standard is demanding and requires a showing "beyond doubt" that the nonmovant cannot prove any facts that support its claim for relief. *Id.*

"The primary objective when construing the language of an insurance policy is to ascertain and enforce the intentions of the parties as expressed in their agreement." *Ill. State Bar Ass'n Mut. Ins. Co. v. Leighton Legal Grp., LLC*, 2018 IL App (4th) 170548, ¶ 40. If the terms of the policy are clear and unambiguous, they are given their plain and ordinary meaning. *Id.*; *Pekin Ins. Co. v. Wilson*, 237 Ill. 2d 446, 455–56 (2010). Any ambiguities or provisions limiting or excluding coverage are construed strictly against the insurer who drafted the policy and liberally in favor of the insured. *Ill. State Bar Ass'n Mut. Ins. Co.*, 2018 IL App (4th) 170548, ¶ 40. "A court must construe the policy as a whole and take into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Pekin Ins. Co.*, 237 Ill. 2d at 456 (internal quotation marks omitted); *see also Oakley Transp. v.*

*Zurich Ins. Co.*, 271 Ill. App. 3d 716, 726 (1st Dist. 1995) ("[A]n insurance policy is not to be interpreted in a factual vacuum and without regard to the purpose for which the insurance was written.").

## DISCUSSION

In Illinois, the duty to defend is broader than the duty to indemnify. *Am. Bankers Ins. Co. of Fla. v. Shockley*, 3 F.4th 322, 327 (7th Cir. 2021). When determining whether an insurer must defend an insured, Illinois courts compare the allegations of the underlying complaint to the relevant policy provisions. *Green4All Energy Sols., Inc. v. State Farm Fire & Cas. Co.*, 2017 IL App (1st) 162499, ¶ 24. If any of the complaint's allegations even *potentially* fall within a policy's coverage, the insurer is obligated to defend its insured. *State Auto. Mut. Ins. Co. v. Kingsport Dev., LLC*, 364 Ill. App. 3d 946, 951 (2d Dist. 2006) (citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 125 (1992)). However, if the complaint does not state facts bringing the case within or potentially within coverage, there is no duty to defend. *L.J. Dodd Constr., Inc. v. Federated Mut. Ins. Co.*, 365 Ill. App. 3d 260, 262 (2d Dist. 2006). Both an insurance policy and an underlying complaint "must be liberally construed in favor of the insured." *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 74 (1991) (internal citations omitted). And, "[i]f an insurer relies on an exclusionary clause to deny coverage, it must be clear and free from doubt that the exclusionary clause applies." *Ill. State Bar Ass'n Mut. Ins. Co.*, 2018 IL App (4th) 170548, ¶ 37.

In denying Prairie Village's request for coverage, Church Mutual relies on multiple exclusions: the Violation of Laws Applicable to Employers Exclusion of the EPL policy and the ERP Exclusion and Cyber Liability Exclusion in the GL policy. The primary focus of Church Mutual's motion is on the EPL coverage.

## I.  Violation of Laws Applicable to Employers

The EPL coverage provides that Church Mutual will pay for "'loss' arising from any claim of injury arising out of a 'wrongful employment practice' to which this insurance applies," but has "no duty to defendant the insured against any 'suit' seeking payment for 'loss' to which this insurance does not apply."  ECF No. 1-6, p. 219; ECF No. 1-7, p. 213.  "Wrongful employment practice" includes "any actual or alleged . . . [e]mployment related . . . invasion of privacy."  ECF No. 1-6, p. 229.  For purposes of its motion, Church Mutual concedes Field's BIPA claim alleges a privacy-based "wrongful employment practice" as defined in the EPL coverage part.

Importantly, Church Mutual argues that the EPL coverage part clearly provides that if the at-issue loss arises solely from a claim of injury constituting a "wrongful employment practice"—as Church Mutual says is the case here—only EPL coverage is relevant and no other coverage part applies.  This is because the EPL coverage form provides that "Except for the insurance provided by this coverage form, the policy to which this coverage form is attached does not apply to any claim or 'suit' seeking damages arising out of any 'wrongful employment practice.'"  ECF No. 1-6, p. 219.  Defendants do not directly address Church Mutual's argument on this point.  Nor do

Defendants argue that Field's claims do not arise from a "wrongful employment practice" as defined under the EPL coverage part. The Court agrees with Church Mutual that the EPL coverage is the only coverage that matters for purposes of this motion.

Church Mutual contends Field's allegations of a wrongful employment practice trigger the Violation of Laws Applicable to Employers exclusion within the EPL coverage part. This exclusion exempts from coverage any claim arising out of ERISA or similar statute, as well as "[a]ny claim based on, attributable to, or arising out of any violation of any insured's responsibilities or duties required by any other federal, state, or local statutes, rules, or regulations . . . ." ECF No. 1-6, p. 221. Church Mutual contends BIPA is one of those statutes because it imposes responsibilities on Prairie Village.

The exclusion does not apply, however, to claims under Title VII, the ADA, the ADEA, the FMLA, the Equal Pay Act, the Pregnancy Discrimination Act, the Immigration and Reform and Control Act, the Genetic Information Nondiscrimination Act, "or to any rules or regulations promulgated under any of the foregoing and amendments thereto or *any similar provisions of any federal, state, or local law*." ECF No. 1-6, p. 221 (emphasis added). Defendants argue BIPA is "similar" to the specifically identified exempted laws because it "protects employee rights" and is thus "aligned" with those laws. ECF No. 45, p. 14.

No other BIPA case out of this District (or any other) has construed either EPL coverage in this context, or this exclusion specifically. "Standing alone, the word 'similar' partakes of the vagueness of other verbal signifiers of matters of degree, such as 'substantial,' 'significant,' and 'probable.' But context can give it a precise meaning." *Farmers Auto. Ins. Ass'n v. St. Paul Mercury Ins. Co.*, 482 F.3d 976, 978 (7th Cir. 2007). If someone were to add BIPA to the list of exempted statutes, "it would stick out like a sore thumb." *Tony's Finer Foods*, 2022 WL 683688, at *7. The enumerated laws proscribe discrimination in one form or another and are applicable to (although not limited to) employers. The Court agrees with Church Mutual that the provisions of BIPA are not "similar" to any of the enumerated laws, as BIPA has nothing to do with discrimination. Rather, BIPA imposes responsibilities on all "private entities"—including employers—and "regulates the collection, use, storage, and retention of biometric identifiers and information." *W. Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 55 (citing 740 ILCS 14/5(g)). In other words, BIPA is categorically different than the enumerated exempted statutes.

Defendants contend Church Mutual's reading of the exclusion would render EPL coverage "nearly worthless, because every potential statutory claim that conceivably could be covered as an employment practice would also be excluded as based on a law applicable to an employer." ECF No. 45, p. 14. "Surely," Defendants say, "that cannot be what the parties intended." *Id.* But Defendants' contention is belied by the plain

language of exclusion, which explicitly provides that certain statutory claims *are* covered under the policy.

The underlying facts related to this case are directly related to Prairie Village's alleged violation of the responsibilities, obligations, or duties imposed by BIPA. The Court concludes that the Violation of Laws Applicable to Employers exclusion under the EPL coverage bars coverage for the underlying Field lawsuit. Because Church Mutual owes no duty to defend, it also owes no duty to indemnify.

## **CONCLUSION**

For the foregoing reasons, the Court grants Church Mutual's Motion for Judgment on the Pleadings [34]. Church Mutual owes no duty to defend or indemnify Prairie Village in connection with the underlying lawsuit. Defendants' Counterclaims are also dismissed. Civil case terminated.

It is so ordered.

Dated: August 11, 2022

Charles P. Kocoras
United States District Judge

11